UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE ALUMINUM TRAILER COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ATC TRAILERS, LLC,<br>AUTO TRANSPORT CHICAGO, INC.,<br>and<br>AUTO TRANSPORT CHICAGO TRAILERS, LLC,<br><br>Defendants. | Case No. 25-cv-10806<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, The Aluminum Trailer Company ("ATC"), by its undersigned attorneys, brings this Complaint against Defendants, ATC Trailers, Inc., Auto Transport Chicago, Inc. and Auto Transport Chicago Trailers, LLC, ("Defendants"), for trademark infringement and unfair competition. ATC alleges as follows:

## PARTIES

1. Plaintiff ATC is a corporation organized and existing under the laws of the State of Indiana, and has a principal place of business at 5225 E Market St, Nappanee, Indiana 46550.

2. On information and belief, Defendant ATC Trailers, LLC is a limited liability company organized and existing under the laws of the state of Illinois, and has a principal address of 1529 N 31st Ave, Melrose Park, Illinois, 60610.

3. On information and belief, Defendant Auto Transport Chicago Trailers, LLC is a limited liability company organized and existing under the laws of the state of Illinois, and has a principal address of 1529 N 31st Ave, Melrose Park, Illinois, 60160.

COMPLAINT                                           1

4. On information and belief, Defendant Auto Transport Chicago, Inc. is a corporation organized and existing under the laws of the State of Illinois, and has a principal address of 1 E Erie St, Ste 525, Chicago, Illinois 60611.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Trademark Act; pursuant to 15 U.S.C. §§ 1114, 1121, and 1125 (the "Lanham Act"); pursuant to 28 U.S.C. §§ 1331 and 1338; and through the Court's supplemental jurisdiction under 28 U.S.C § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

6. On information and belief, this Court has general personal jurisdiction over the Defendants because they are "at home" in this jurisdiction; their principal place of business is in this district; they are domiciled in this district; they conduct substantial business in this forum, and because this action arises, in whole or in part, from such business.

7. Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c).

## BACKGROUND AND DEFENDANTS' ILLEGAL ACTIVITY

8. ATC is a leading manufacturer and seller of trailers, recreational vehicles (RV's), and other towable cargo haulers.

9. ATC has been in business since at least 1999.

10. ATC is commonly known by the name ATC, and indeed is primarily referred to as "ATC" by customers and industry members.

11. For instance, ATC prominently features the "ATC" moniker when marketing its products and service, as depicted below:



12. ATC's website is "ATCtrailers.com."

13. ATC has invested significant time, effort, and funds into building and protecting its brand and its trademarks pertaining to the ATC® brand.

14. ATC has become well-known for making and selling a diverse line of trailers and RVs under its ATC® trademark and has developed a national reputation and substantial goodwill in its ATC name.

15. ATC's line of trailers and products include cargo trailers; equipment trailers; trailers for hauling cars, motorcycles, snowmobiles, or ATVs; mobile display trailers for marketing products and services; concession trailers; mobile trailers for product sales; mobile command center trailers; media broadcasting trailers; trailers containing equipment and supplies for emergency response situations.

16. Of particular note to this lawsuit, ATC's products include a line of trailers specifically for hauling cars and other vehicles.

COMPLAINT 3

17. ATC also custom-makes many of its trailers and customers have come to rely on ATC's superior, reliable quality.

18. Another image from ATC's website is reproduced below:



19. ATC has acquired recognition and secondary meaning of ATC's trademarks.

20. ATC owns US Federal Trademark Registrations for the ATC® mark and the ATC logo with the United States Patent Office ("USPTO") in connection with a variety of products, bearing Registration Nos. 6,703,127 and 4,237,153.

21. Certificates of ATC's Trademark Registrations are affixed to this Complaint as Exhibits 1 and 2.

22. On information and belief, on or before 2019, Defendants began doing business under the name Auto Transport Chicago, Inc. and then later, in 2022, filed to do business under

COMPLAINT 4

the name Auto Transport Chicago Trailers. Neither of these two names caused confusion amongst consumers.

23. However, recently, ATC discovered that Defendants incorporated a company in Illinois using the names "ATC Trailers, LLC".

24. Defendants further describe their company and trailers as made by "ATC".

25. Defendants use the ATC® trademark both in regards to selling goods such as trailers and as well as the services of manufacturing and customization of such trailers.

26. On information and belief, all three Defendants are under common ownership and control and all three Defendants refer to themselves and their products with "ATC."

27. On information and belief, each of the Defendants are owned by the same person and act in concert with one another.

28. In fact, all three Defendants list the same manager in their filings with the Illinois Secretary of state. Namely, Dmitriy Chebaneko is the manager for each Defendant.

29. Defendants are attempting to trade on the goodwill associated with the trademark developed by ATC.

30. An example of Defendants' use of the ATC® mark from https://autotransportchicago.com/trailers, as captured on June 9, 2025, is reproduced below[1] (See Exhibit 3):

---

[1] After receiving ATC's demand letters, the "Trailers" page of Defendants' website was removed.

COMPLAINT 5



31. Defendants' website specifically discusses the manufacture of trailers, referring to such trailers as being manufactured by "ATC."

32. Defendants' use of the mark is specifically crafted to invoke association with the ATC brand.

33. Defendants use of the ATC® trademark is an infringing use which causes a likelihood of confusion and, indeed, ATC has experienced multiple instances of actual confusion.

34. For example, ATC was contacted by the police in Ohio – namely State Trooper Damion Assink – seeking information about a "suspicious" trailer with the name ATC written on the trailer and in which the VIN tag had ATC Trailers, LLC. Yet, this trailer was not made by ATC, it was made by Defendants.

35. Images related to the preceding paragraph are reproduced below:

COMPLAINT                                6





36. As a further example of actual confusion, ATC was contacted by a repair shop seeking a replacement part for a trailer with a VIN that stated that the trailer was manufactured by ATC Trailer LLC. Yet, again, the trailer was not manufactured by ATC, it was manufactured by the Defendants.

37. An image of the VIN referenced in the preceding paragraph is reproduced below for reference:



38. Another episode of actual confusion came when an insurance adjuster contacted ATC for the purpose of valuing a trailer in relation to an insurance claim. The VIN on the trailer again stated that it was manufactured by ATC Trailer LLC, when in fact it was manufactured by the Defendants.

39. An image of the VIN provided by the insurance adjuster is reproduced below for reference:



40. Defendants' use of the "ATC" moniker is not only confusingly similar but is completely identical to ATC's trademark, i.e., both marks are "ATC."

41. The nature of the goods and services amongst Plaintiff and Defendants is identical, i.e., trailers, including trailers for auto transport.

42. Further actual confusion in the future is inevitable.

43. Moreover, ATC operates in the northwestern area of Indiana, approximately 100 miles from Chicago.

44. Defendants operate in and near Chicago.

45. The likelihood of confusion is heightened by the geographic proximity of the two companies.

46. ATC contacted Defendants (specifically, ATC Trailers, LLC) on June 5th, 2025, apprising Defendants of the situation, demanding that Defendants stop using the ATC mark,

COMPLAINT 9

offering a "reasonable transition period" to stop using the mark, and requesting a reply by June 27th.

47. The June 5th 2025 letter was delivered by Federal Express to ATC Trailers, LLC and signed upon receipt by "J. Julia". Confirmation of receipt is filed herewith as Exhibit 4.

48. Defendants did not respond.

49. ATC sent a follow-up letter on July 8th, reaffirming its position and asking for a reply by July 22nd.

50. The July 8th letter was delivered by Federal Express to Defendants and again signed upon receipt by "J. Julia". Confirmation of receipt is filed herewith as Exhibit 5.

51. Defendants did not respond.

52. Defendants continue to manufacture, promote and sell trailers using the ATC mark without ATC's authorization or consent.

53. Defendants continue to willfully infringe ATC's mark.

## COUNT I
### FEDERAL AND COMMON LAW INFRINGEMENT OF ATC'S TRADEMARKS

54. ATC repeats and realleges each allegation in the preceding paragraphs as if fully set forth herein.

55. Defendants' use ATC's registered trademarks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that ATC's goods are manufactured or distributed by Defendants, or are associated or connected with ATC, or have an affiliation, sponsorship, endorsement, or approval of ATC.

56. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to ATC's goodwill and reputation.

57. Defendants' unauthorized use of ATC's trademark has damaged and is likely to continue to damage ATC's reputation.

58. ATC is entitled to Defendants' profits and is entitled to recover damages and costs relating to the sale of the infringing use.

59. Defendants' actions demonstrate are intentionally and willfully trading on the goodwill associated with ATC's trademarks to ATC's irreparable harm, warranting punitive damages.

60. ATC's remedy at law is inadequate.

61. ATC is entitled to injunctive relief.

62. Defendants' actions demonstrate an exceptional case, entitling ATC to its reasonable attorney's fees and costs.

## COUNT II
## UNFAIR COMPETITION

63. ATC repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

64. ATC owns all right, title, and interest in the ATC's trademarks.

65. Defendants are not authorized to use any of the marks or any variation thereof, or any mark confusingly similar.

66. Defendants' unauthorized use of ATC's trademarks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that

Defendants are authorized to distribute ATC's products, or are associated with or connected to ATC, or have the sponsorship, endorsement, or approval of ATC.

67. Defendants' unauthorized use of ATC's trademarks is likely to damage ATC's reputation.

68. Defendants' wrongful conduct was willful and deliberate.

69. Defendants have caused and are likely to continue to cause substantial injury to ATC and the public.

70. ATC is entitled to recover Defendants' profits from the infringing sales, actual damages from the infringing uses, corrective advertising damages, costs, and reasonable attorney's fees.

71. Defendants have caused irreparable harm to ATC.

72. ATC's remedy at law is inadequate.

73. ATC is entitled to injunctive relief.

74. Defendants' actions demonstrate an exceptional case.

## COUNT III
## TRADEMARK INFRINGEMENT UNDER
## ILLINOIS COMMON LAW

75. ATC repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

76. The general public across the United States, including Illinois, recognizes ATC's trademarks as the source of goods.

77. ATC has common law trademark rights in ATC's trademarks in Illinois.

78. On information and belief, Defendants' infringing conduct is and has been occurring in Illinois.

79. Defendants unauthorized misappropriation of ATC's trademarks infringes ATC's rights and, as alleged herein, is likely to cause confusion, mistake or deception as to the source, sponsorship, or approval of Defendants' goods by ATC.

80. The consuming public and the trade are likely to believe that Defendants' goods are licensed, sponsored, or approved by ATC, or are in some way connected with or are related to ATC when they are not, in violation of Illinois common law.

81. Defendants' unauthorized use of ATC's trademarks is likely to damage ATC's reputation.

82. Upon information and belief, the infringing acts have been occurring and continue to occur in the State of Illinois, including this District.

83. As set forth herein, this willful conduct has caused and will continue to cause, unless enjoined by this Court, serious and irreparable injury to ATC, for which ATC has no remedy at law.

84. Defendants' wrongful conduct was willful and deliberate or recklessly indifferent to the rights of ATC, warranting an award of punitive damages under Illinois common law.

85. ATC is entitled to damages and Defendants' profits.

86. ATC is entitled to its costs and reasonable attorney's fees in bringing this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, ATC respectfully prays that the Court:

a. An entry of judgment in ATC's favor against Defendants on all Counts in this Complaint;

b. A declaration that Defendants' trademark infringement and unfair competition have been willful;

c. An order enjoining Defendants, and each of their respective officers, agents, servants, employees, and attorneys, and all of those persons in active concert with participation with Defendants from using the ATC mark or any confusingly similar marks;

d. An order requiring Defendants to stop using "ATC Trailers" as a corporate name and that Defendants promptly dissolve or change such corporation name with the Illinois Secretary of State;

e. An order permanently enjoining Defendants from using any trademarks confusingly similar to ATC's marks;

f. Awarding damages pursuant to 15 U.S.C. §§ 1114, 1117, and 1125 pertaining to Defendant's profits and damages sustained by ATC;

g. Awarding damages pursuant to Illinois common law trademark infringement and Unfair Competition;

h. Declaring this an exceptional case in favor of ATC and awarding ATC its reasonable attorneys' fees and costs as provided by law;

i. Awarding ATC pre-judgement and post-judgment interest on the damages caused by Defendants' activities; and

j. Awarding ATC such other relief as the Court deems just and proper.

## JURY DEMAND

ATC demands trial by jury under Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: September 8, 2025

/s/*W. Anthony Andrews*
W. Anthony Andrews
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
2441 Warrenville Road, Suite 310
Lisle, Illinois 60532
(630)-614-7617 – Telephone
Email: wandrews@ottosenlaw.com

Charles J. Meyer, PHV forthcoming
Christopher B. Roberts, Bar No. 6327509
WOODARD, EMHARDT, HENRY,
REEVES & WAGNER, LLP,
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
(317) 634-3456 – Telephone
(317) 637-7561 – Facsimile
Email: cjmeyer@uspatent.com
croberts@uspatent.com

**Attorneys for Plaintiff**

#3527948